Ararat ISAJYAN, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72661.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Ararat Isajyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security,

San Francisco, CA, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM **

Ararat Isajyan, a native and citizen of Armenia, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's factual findings for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the BIA's decision that the treatment Isajyan suffered at the hands of "fedayies" in Armenia did not rise to the level of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (persecution must be "extreme" treatment). The incidents of harm that occurred between 1988 and 1995, while unfortunate, were not persecution, and Isajyan's stated fear of future persecution is too speculative. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003) (record did not compel finding that being teased, bothered, discriminated against, harassed, and fired from job because of religious beliefs rose to level of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

persecution). Moreover, Isajyan failed to establish that the harm he suffered stemmed from the Armenian government, or that the Armenian government was unwilling or unable to control his alleged persecutors. *See Navas v. INS,* 217 F.3d 646, 656 n. 10 (9th Cir.2000).

Because Isajyan failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Isajyan also failed to establish eligibility for relief under CAT because he failed to show it was more likely than not that he would be tortured if returned to Armenia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DENIED.